# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENYATTA TURPIN,** | : | **CIVIL ACTION NO. 3:13-2465** |
| Petitioner | : | |
| v. | : | |
| | | **(JUDGE MANNION)** |
| **GERALD L. ROZUM, Superintendent,** | : | |
| | : | |
| Respondent | : | |
| | : | |

## **M E M O R A N D U M**

Pending before the court is a report and recommendation filed by Magistrate Judge Karoline Mehalchick on October 24, 2013, to which no objections have been filed. (Doc. No. 5). In her report, Judge Mehalchick recommends that the instant action be transferred to the United States District Court for the Eastern District of Pennsylvania. Upon review, the court will adopt Judge Mehalchick's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As indicated in Judge Mehalchick's report, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 22, 2013. (Doc. No. 1). The petitioner, who is confined at SCI-Sommerset, which is located in the Western District of Pennsylvania, is challenging his conviction in Philadelphia County, which is located in the Eastern District of Pennsylvania.

In 1966, 28 U.S.C. §2241(d) was amended to provide that when an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court which contains two or more federal judicial districts, the application may be filed in either the district court for the district wherein such person is in custody, or in the district court for the district within which the state court was located which convicted and sentenced the petitioner. Because the petitioner is not confined in the Middle District of Pennsylvania, nor was he convicted in the Middle District of Pennsylvania, this court does not have jurisdiction over the petitioner's action. See Reinhold v. Rozum, 2007 WL 4248273, at *1 (M.D. Pa. Nov. 30, 2007).

Moreover, the court agrees that it will be in the interest of justice to transfer the instant action to the Eastern District of Pennsylvania, where the records for the conviction, the witnesses, if any, and counsel are all located. See 28 U.S.C. §1406(a) (authorizing transfer in the interest of justice where

2

venue has been laid in an improper district).

Because the court agrees with the sound reasoning that led Judge Mehalchick to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 4, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-2465-01.wpd